IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**MICHAEL E. BROWN,**

      **Plaintiff,**

v.                                           Case No.: 3:24-cv-00309

**PAUL T. FARRELL,
TIM ARMSTEAD,
ELIZABETH D. WALKER,
JOHN H. HUTCHINSON,
WILLIAM R. WOOTEN,
C. HALEY BUNN,**

      **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Plaintiff, Michael Brown, filed a *pro se* complaint under 42 U.S.C. § 1983 seeking declaratory and injunctive relief regarding his West Virginia state court habeas corpus proceedings, and an Application to Proceed Without Prepayment of Fees and Costs. (ECF Nos. 1, 2). This case is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Currently pending is an initial screening of Plaintiff's complaint and review of his *in forma pauperis* application. For the following reasons, the undersigned **DENIES** the Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and **RECOMMENDS** that the presiding District Judge **DISMISS** the complaint and

1

**REMOVE** this matter from the docket of the Court.

## I. Relevant History

Brown filed this action under 42 U.S.C. § 1983, seeking declaratory and injunctive relief against Judge Paul Farrell of the Circuit Court of Cabell County and all five Justices of the West Virginia Supreme Court. (ECF No. 2). Brown is currently serving consecutive life sentences in West Virginia for two first degree murder convictions from 1999. *Brown v. Straughn*, No. 22-899, 2024 WL 313787, at *1 (W. Va., Jan. 25, 2024). Brown has extensively litigated his convictions in state court, and this instant lawsuit is his third federal proceeding related to his convictions and state habeas proceedings. Relevant here, the West Virginia Supreme Court ("WVSC") denied Brown's appeal from the denial of his third state habeas petition in January 2024. *Brown v. Straughn*, No. 22-899, 2024 WL 313787 (W. Va. Jan. 25, 2024). The WVSC found that all issues in Brown's petition had been waived or previously adjudicated by his two prior state habeas petitions. *Id.*

Shortly thereafter, Brown filed a lawsuit with this Court, purportedly under 5 U.S.C. § 702, challenging the state court's ruling. *Brown v. Farrell*, 3:24-cv-156 (S.D.W. Va., Mar. 28, 2024), ECF No. 2. Brown alleged that the state courts violated his due process rights by failing to adjudicate his petition on the merits. *Id.*, ECF No. 2 at 2–3. The undersigned recommended dismissal of the lawsuit, finding that the Court lacked subject matter jurisdiction over Brown's claims, in part because he had not stated a coherent cause of action under the statutes he identified, and in part because any challenge to the state court judgement was barred by the *Rooker-Feldman* doctrine. *Id.*, ECF No. 4. The undersigned's recommendation was adopted and Brown's lawsuit dismissed in May 2024. *Id.*, ECF No. 6.

2

Brown filed the instant lawsuit following the dismissal of his first suit. In his complaint, Brown states that Judge Farrell and the Justices of the West Virginia Supreme Court violated his rights by denying his most recent state habeas petition. (ECF No. 2 at 1). Just as in the first lawsuit, he claims that the state courts violated his due process rights under the Fifth and Fourteenth Amendments by failing to adjudicate his petition on the merits. (*Id.* at 2–3). He seeks declaratory relief and injunctive relief ordering the West Virginia Supreme Court to remand the case back to the trial court to properly consider his habeas petition. (*Id.*). Brown attached to his petition: his third state habeas petition, filed in July 2022, (ECF No. 2-2); Judge Farrell's order denying the petition, (ECF No. 2-3); Brown's appeal to the WVSC, (ECF No. 2-4); and the WVSC's memorandum decision affirming the denial of Brown's third habeas petition, filed January 25, 2024. (ECF No. 2-5).

## II. Standard of Review

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2), the court must screen each case in which an individual seeks to proceed *in forma pauperis* (without prepayment of fees and costs). The court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915.

A "frivolous" case has been defined as one which lacks "an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A case lacks an arguable basis in law when it relies upon an indisputably meritless legal theory, *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Anders v. California*, 386 U.S. 738, 744 (1967). A case lacks an arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 328. Similarly, a complaint

3

fails to state a compensable claim when, upon viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The court is required to liberally construe *pro se* complaints, such as the one filed in this civil action. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Discussion

Federal district courts are courts of limited jurisdiction. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005). "They possess only the jurisdiction authorized them by the United States Constitution and by federal statute." *United States ex rel. Voyyuru v. Jadhav,* 555 F.3d 337, 347 (4th Cir. 2009) (citing *Bowles v. Russell,* 551 U.S. 205 (2007)). "Federal courts have an independent duty to confirm their own jurisdiction." *Shaiban v. Jaddou*, 97 F.4th 263, 265 (4th Cir. Apr. 3, 2024) (citing *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 187 (4th Cir. 2019)). "Subject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court *sua sponte,* at any time prior to final judgment." *In re Kirkland,* 600 F.3d 310, 314 (4th Cir. 2010).

4

Brown alleges that the West Virginia state courts' disposal of his third state habeas proceeding violated his due process rights, and he requests this Court grant him declaratory relief and injunctive relief ordering the West Virginia Supreme Court to remand the case back to the trial court for further proceedings. (ECF No. 2 at 2–3). Although Brown brings this suit under 42 U.S.C. § 1983 instead of 5 U.S.C. § 702, this lawsuit presents the same claims as Brown's prior suit, and it suffers from the same fatal flaw: federal district courts are not appellate courts. Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review state court judgments, and a lower federal court may not reverse or modify a state court judgment. *Rodriguez v. Doe*, 549 F. App'x 141, 144 (4th Cir. 2013). This means federal courts may not entertain constitutional claims which depend on a finding that a state court wrongly decided the issues before it. *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). As the undersigned explained in response to Brown's first lawsuit:

> [A]ny attempt by Brown to overturn the state court judgments in this Court is prohibited by the *Rooker-Feldman* doctrine. [...] Brown had both the right and the opportunity to petition the Supreme Court of the United States for a writ of certiorari after the WVSC upheld the trial court's denial and dismissal of Brown's new trial motion and habeas petition. He chose not to do so. Brown cannot now disguise an appeal of the state court rulings as an independent claim of constitutional violations.

*Brown v. Farrell*, 3:24-cv-00156, (S.D.W. Va., Apr. 16, 2024), ECF No. 4 at 10–11. By alleging that the state court decisions violated due process, Brown is effectively seeking appellate review of the state court decisions, and this Court lacks jurisdiction over his claims. Clearly, Brown's ultimate goal is to have his convictions overturned. Because Brown has already filed one federal petition under 28 U.S.C. § 2254, *Brown v. Ballard*, No. CV 3:15-01197, 2016 WL 1267172, (S.D.W. Va., Mar. 31, 2016), a second federal

petition would require pre-authorization from the U.S. Court of Appeals for the Fourth Circuit. 28 U.S.C. § 2244(b). But Brown cannot circumvent the requirements of the federal habeas statute by filing a civil rights lawsuit. Accordingly, the undersigned **FINDS** Brown's complaint should be dismissed.

## IV. Proposal and Recommendations

For the reasons set forth above, the undersigned **DENIES** the Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and **RECOMMENDS** that the presiding District Judge **DISMISS** the complaint and **REMOVE** this matter from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to

6

the opposing parties, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff.

**FILED:** July 15, 2024

_____
Cheryl A. Eifert
United States Magistrate Judge